

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CORBIN BERNSEN,

       Plaintiff,

   v.                            ACTION NO. 2:11cv546

INNOVATIVE LEGAL MARKETING, LLC,

       Defendant.

## MEMORANDUM ORDER

This matter comes before the court on a Motion for Summary Judgment filed by Innovative Legal Marketing, LLC ("ILM") on April 27, 2012. The motion was referred to United States Magistrate Judge Douglas E. Miller by Order on May 18, 2012, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

The magistrate judge heard oral argument on June 5, 2012, and filed his Report and Recommendation ("R&R") on June 20, 2012. The magistrate judge recommended denying in part and granting in part ILM's motion. Specifically, the magistrate judge recommended that the court find as a matter of law that ILM had not waived its rights under a spokesperson agreement ("Agreement") with Corbin Bernsen ("Bernsen"), and that while the language of the Agreement included a morality clause, the

court should deny ILM's motion as to Bernsen's alleged breach of that clause. R&R 23-24. The magistrate judge further recommended that the court grant ILM's motion on Bernsen's claim for unjust enrichment and dismiss that claim. Id. By copy of the R&R, the parties were advised of their right to file written objections thereto. On July 5, 2012, the court received Plaintiff's Objection to Magistrate Judge Miller's June 20, 2012 Report & Recommendation ("Bernsen's Objection"). ILM filed its Response on July 19, 2012.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which Bernsen has specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The court, having examined Bernsen's Objection and having made de novo findings with respect thereto, sustains Bernsen's Objection. Accordingly, the findings and recommendations set forth in the R&R are adopted in part and modified in part, and ILM's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. At a threshold level, however, in making this determination on ILM's Motion for Summary Judgment, the court

2

**ADOPTS** the recommended findings of undisputed material fact set forth in the R&R.[1]

## I.  Summary Judgment Standard

Summary judgment under Rule 56 is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A court should grant summary judgment if the nonmoving party, after adequate time for discovery, has failed to establish the existence of an essential element of that party's case, on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

To defeat a motion for summary judgment, the nonmoving party must go beyond the facts alleged in the pleadings, instead relying upon affidavits, depositions, or other evidence to show a genuine issue for trial. See id. at 324. Conclusory statements, without specific evidentiary support, are insufficient. Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998). Rather, "there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

---

[1] See R&R 2-8.

## II.  Bernsen's Objection

Bernsen raises one objection to the R&R, contesting the magistrate judge's finding as a matter of law that ILM has not waived its rights to terminate the Agreement based on any alleged violation of the morality clause.  For the reasons set forth below, the court sustains Bernsen's Objection.

### A.  R&R Recommendation

Bernsen objects to the finding in the R&R that, as a matter of law, "ILM has not waived its rights under the contract." Bernsen's Obj. 1.  Bernsen argues that a party may waive an anti-waiver provision by its conduct, and thus whether ILM waived its right to terminate the agreement for the alleged violations of the morality clause of the Agreement raises a jury question.  Id. at 2-3.  ILM contends in its Response that, "[w]hile Bernsen is correct that a non-waiver clause can theoretically be waived, he has failed to put forth any evidence to support the waiver of the non-waiver clause."  ILM's Resp. 1.

Section C(1) of the R&R addressed Bernsen's allegation "that ILM waived its right to terminate the Agreement for violations of the morality clause as the company knew about his conduct for some time prior to terminating him."  R&R 9.  As both parties agree, the Agreement contains an unambiguous anti-waiver provision.  See Bernsen's Obj. 1; ILM's Resp. 1. Examining Virginia Elec. & Power Co. v. Norfolk S. Ry. Co., 278

4

Va. 444 (2009), the magistrate judge stated that, under Virginia law, an anti-waiver provision "did not preclude the defendant from enforcing the terms of the agreement even though it had not done so previously." R&R 10.[2] Given that the Agreement in this case similarly has an anti-waiver provision, the magistrate judge concluded "simply because ILM knew of Bernsen's conduct prior to his termination does not give rise to a waiver of its rights under the terms of the Agreement." Id.

## B. Waiver of an Anti-Waiver Provision

Waiver "is the voluntary, intentional abandonment of a known legal right. It has two essential elements: (1) knowledge

---

[2] The court does not find Virginia Electric to be controlling on the issue of waiver in the instant case. In Virginia Electric, the Virginia Supreme Court upheld a circuit court's ruling striking an affirmative defense of waiver because "the elements of judicial estoppel were established in this case." Virginia Elec. & Power Co., 278 Va. at 466. The Virginia Supreme Court did not address alternative grounds for striking the defense of waiver. Id. As the dissent highlighted, if the Virginia Supreme Court had not found the waiver defense precluded by judicial estoppel, the plaintiff had alleged a viable affirmative defense, because "a party may waive a non-waiver provision of a contract such as the one contained in the contract in this case," including "by conduct, acts, or course of dealing." Id. at 476-77 (Koontz, J., dissenting). Thus, absent judicial estoppel, the plaintiff in Virginia Electric would have had the chance to prove waiver to "the trier of fact." Id. In the instant case, judicial estoppel is not an issue, and thus waiver is a viable affirmative defense to be developed for the trier of fact. Virginia Electric is otherwise distinguishable on a factual basis from the instant case, as, after failing to assert a contractual right for a period of time, defendant Norfolk Southern prospectively advised the plaintiff that it would reassert its contractual right, and the court only calculated damages from the time of prospective notice forward. Id. at 522, 533.

of the facts basic to the exercise of the right, and (2) the intent to relinquish that right." Bergmueller v. Minnick, 383 S.E.2d 722, 725 (Va. 1989).[3] "Waiver need not be express: it may be inferred from the conduct of the waiving party." Perry Eng'g Co. v. AT&T Comm'cns, Inc., No. 92-2050, 1993 U.S. App. LEXIS 17432, at *13 (4th Cir. July 13, 1993) (citing Woodmen of World Life Ins. Soc'y v. Grant, 38 S.E.2d 450, 454 (Va. 1946)). The existence of an anti-waiver clause in a contract is evidence of an intent not to relinquish the rights under the contract; however, "it does not necessarily control," because, "[l]ike all contractual rights, the rights under the 'no waiver' clause are themselves subject to waiver." Id. at *14. Such waiver can be shown "by conduct, acts, or a course of dealing." Woodmen of World, 38 S.E.2d at 454.

Here, there appears to be no dispute that ILM knew of some of the alleged incidents at issue "for months, and even years," prior to the decision to terminate the Agreement. Bernsen's Obj. 3. The question of waiver thus turns on whether there is a material dispute as to ILM's intent to relinquish its contractual right. Bernsen points to three pieces of evidence

---

[3] The statement in the R&R that "simply because ILM knew of Bernsen's conduct prior to his termination does not give rise to a waiver of its rights under the terms of the Agreement," R&R 10, is thus insufficient; the court must then examine whether a genuine dispute of material fact exists as to ILM's intent.

6

as creating a jury question as to ILM's intent to waive: "(1) ILM continued to use Bernsen for almost two years [after the potentially violative conduct]; (2) ILM continued to pay Bernsen under the Agreement; and (3) ILM continued to reap the benefit of the use of Bernsen in its advertisements by collecting payments from its customers." Id. at 4.  ILM does not contest this evidence, but characterizes it as insufficient, stating that the "conduct by ILM is entirely consistent with its bargained-for contractual right of non-waiver. . . . The conduct is entirely consistent with a party who knows its rights are protected by a non-waiver provision." ILM's Resp. 3.

The court finds both parties' characterizations plausible. ILM's continued use of Bernsen, continued payment under the Agreement, and continued enjoyment of the benefits of Bernsen's endorsement may be consistent with a party exercising its bargained-for contractual right of non-waiver.  However, continuation of use, payment, and enjoyment under a contract after five separate incidents potentially violative of the contract's morality clause, see R&R 4-6, is also a course of conduct entirely consistent with an affirmative intent by ILM to waive its right to subsequently enforce the morality clause. Other courts have similarly found that repeated declination to enforce a clause in a contract can evidence intent to waive the provision, notwithstanding an anti-waiver provision. See Perry

7

Eng'g Co., 1993 U.S. App. LEXIS 17432, at *14 ("One could infer
from AT&T's consistent practice of approving price adjustments
submitted after ten days had elapsed that it intended to waive
the ten-day deadline in all cases."). See generally Woodmen of
World, 38 S.E.2d at 454 (holding that a party's intent to waive
can be evidenced "by conduct, acts, or a course of dealing").
Even the case cited by ILM in support of its position in its
Response makes this point. See Olga's Kitchen v. Papo, No. 85-
1591, 1987 U.S. App. LEXIS 2205, at *12 (6th Cir. Feb. 16, 1987)
(unpublished) ("A lessor may waive a 'nonwaiver' clause in a
lease agreement by a persistent course of conduct in accepting
late payments.").

At this stage in the litigation, the court must draw "all
reasonable inferences in favor of the non-moving party." Reeves
v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).
Viewing the evidence in that light, the court concludes that a
jury could find that the evidence of ILM's continued payment and
use of Bernsen's endorsement after repeated incidents
potentially violative of the morality clause in the Agreement
demonstrate ILM's intent to waive its anti-waiver provision with
respect to that clause.[4]  Similarly, numerous other courts have

---

[4] ILM argues that implied waiver must be demonstrated by "clear
and convincing evidence," and that Bernsen cannot meet this
burden. ILM's Resp. 3. However, "at the summary judgment stage
the judge's function is not himself to weigh the evidence and

8

held that waiver, even of an anti-waiver provision, is usually a question best left to the jury. See Link Assocs. v. Jefferson Standard Life Ins. Co., 223 Va. 479, 485 (1982) (noting that proof of waiver is "usually a question for the trier of fact"); see also Westinghouse Credit Corp. v. Shelton, 645 F.2d 869, 872 (10th Cir. 1981) ("[T]he weight of authority . . . is that an 'anti-waiver' clause, like any other term in the contract, is itself subject to waiver or modification by course of performance and that whether such waiver or modification has occurred is a question for the factfinder.").

Given the court's recognition of two potentially valid and contradictory interpretations of the submitted evidence as it relates to ILM's intent, and thus waiver, the court declines to find that ILM is entitled to judgment as a matter of law. As such, the court **DENIES** ILM's Motion for Summary Judgment as to Bernsen's alleged breach of the morality clause.

### III. Conclusion

The court, having examined Bernsen's Objection to the R&R, and having reviewed the record and made de novo findings with

---

determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Drawing all reasonable inferences in Bernsen's favor, the court finds that Bernsen has presented sufficient evidence on the issue of intent to make it a genuine issue for trial, as the jury will be instructed on the clear and convincing standard and will need to determine whether Bernsen's evidence rises to that level.

respect to the portion objected to, does hereby adopt and approve the findings and recommendations set forth in Sections A and C(2)-(5) of the R&R, concerning the morality clause in the Agreement and dismissal of Bernsen's unjust enrichment claim. The court does hereby modify the findings and recommendations set forth in Section C(1) of the R&R, concerning a conclusion of law on ILM's potential waiver of its rights under the Agreement, as discussed above.

Accordingly, ILM's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.  The court finds as a matter of law that the language of the Agreement includes a morality clause; however, the court declines to find as a matter of law that ILM has not waived its rights under the Agreement, because a material fact remains in dispute, namely ILM's intent to waive. The court **DENIES** ILM's motion as to Bernsen's alleged breach of the morality clause, because material facts remain in dispute concerning Bernsen's conduct and waiver.  Finally, the court **GRANTS** ILM's motion on Bernsen's claim for unjust enrichment, and **DISMISSES** that claim.  The Clerk is **DIRECTED** to forward a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 14, 2012

10