

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CORBIN BERNSEN,

        Plaintiff,

   v.                              ACTION NO. 2:11cv546

INNOVATIVE LEGAL MARKETING, LLC,

        Defendant.

## MEMORANDUM OPINION

This matter comes before the court on a Motion for Summary Judgment, filed by Corbin Bernsen ("Bernsen") on June 21, 2012, together with an accompanying Memorandum in Support. Innovative Legal Marketing, LLC ("ILM") filed its Opposition to Bernsen's Motion for Summary Judgment ("ILM's Response") on July 5, 2012, and Bernsen filed his Reply in Support on July 11, 2012. The matter is now ripe for review.[1]

### I.  Factual and Procedural History

The factual history of this case is laid out in full in the Recommended Findings of Undisputed Material Fact section of the United States Magistrate Judge's Report and Recommendation

---

[1] Bernsen requested a hearing on August 3, 2012. After full examination of the briefs and the record, the court has determined that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); Local Civ. R. 7(J).

("R&R") filed on June 20, 2012, and adopted by this court in its Memorandum Order filed August 14, 2012.  See R&R 2-8; Mem. Order 3.  To briefly summarize, ILM is a Virginia corporation providing marketing services for lawyers and law firms.  R&R 2. ILM entered into a spokesperson agreement ("Agreement") with Bernsen, an actor, related to their BIG CASE campaign.  Id.  The Agreement contained, among other things, a morality clause in Section VI, which prohibited Bernsen from doing anything that might bring himself, ILM, or its clients into public disrepute. Id.  In June of 2011, ILM terminated the Agreement and refused to make any additional payments to Bernsen, asserting that Bernsen had violated the morality clause in the Agreement through his actions in five separate incidents.  Id. at 4.

On October 7, 2011, Bernsen filed the instant action against ILM, alleging claims for breach of contract and unjust enrichment.  See Compl. 4-5.  ILM filed a counterclaim on November 9, 2011, alleging Bernsen himself breached the Agreement.  See Answer 4-5.  On April 27, 2012, ILM moved for summary judgment.  The motion was referred to a United States Magistrate Judge on May 18, 2012, to prepare a report and recommendation.  The R&R was filed on June 20, 2012.  Bernsen objected on July 5, 2012, to the R&R's recommended finding as a matter of law that ILM had not waived its rights under the Agreement.

2

The court entered its Memorandum Order granting in part and denying in part ILM's Motion for Summary Judgment on August 14, 2012. The court found as a matter of law that the language of the Agreement included a morality clause; however, the court denied ILM's motion as to Bernsen's alleged breach of the morality clause, because material facts remained in dispute concerning Bernsen's conduct and waiver of the Agreement by ILM. Mem. Order 10. The court granted ILM's motion on Bernsen's claim for unjust enrichment and dismissed that claim. Id. Bernsen now moves the court to grant summary judgment in his favor on ILM's Counterclaim.

## II. Summary Judgment Standard

Summary judgment under Rule 56 is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A court should grant summary judgment if the nonmoving party, after adequate time for discovery, has failed to establish the existence of an essential element of that party's case, on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

3

In essence, the non-movant must present "evidence on which the [trier of fact] could reasonably find" for the non-moving party. Anderson, 477 U.S. at 252.   To defeat a motion for summary judgment, the nonmoving party must go beyond the facts alleged in the pleadings, and rely instead on affidavits, depositions, or other evidence to show a genuine issue for trial.   See id. at 324; see also M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1993) ("A motion for summary judgment may not be defeated by evidence that is 'merely colorable' or 'is not sufficiently probative.'" (quoting Anderson, 477 U.S. at 249-50)). Conclusory statements, without specific evidentiary support, do not suffice, Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998), nor does "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position," Anderson, 477 U.S. at 252. Rather, "there must be evidence on which the jury could reasonably find for the plaintiff." Id.

### III. Analysis

Bernsen advances two arguments in support of his motion for summary judgment.   First, he alleges that there is no basis for ILM to seek return of the monies paid to him, contending that it is undisputed that he fully performed the services required of

4

him under Section I of the Agreement.[2] See Mem. Supp. 7. To the extent that Bernsen relies on his performance under the Agreement, the court has already found that Section VI of the Agreement includes a morality clause, and further that a material dispute of fact exists as to whether Bernsen's alleged violations of this clause constitute a material breach of the Agreement. See Mem. Order 10. Thus, a material dispute remains as to whether Bernsen fully performed his duties under the contract, and summary judgment on that ground is inappropriate.

Bernsen next argues that there is no evidence to support ILM's claim of $595,791.77[3] in damages flowing from the alleged breach of the Agreement. See Mem. Supp. 9-11. ILM rests its claim for damages on an alleged absence of value derived from Bernsen's services, contending that "[b]ecause ILM valued

---

[2] As a corollary to this argument, Bernsen contends that ILM, in asking to recover the monies paid under the Agreement, is seeking rescission of the contract, which is inappropriate in a case in which partial performance has already occurred. See Mem. Supp. 8. In its Response, ILM argues it is not requesting rescission and a return to the status quo ante, but merely seeking damages resulting from Bernsen's breach. See ILM's Resp. 2-3. While the remedy for which ILM has asked may be equivalent to rescission, ILM has pled its case as a breach of contract claim seeking damages, and it should be analyzed as such. See Sunrise Continuing Care, LLC v. Wright, 671 S.E.2d 132, 136 (Va. 2009) (acknowledging that the plaintiffs "pursued the remedy of rescission under the guise of a breach of contract claim," but nonetheless analyzing the case as a breach of contract claim seeking damages).

[3] This figure represents the total amount ILM paid to Bernsen under the Agreement before its termination. See ILM's Resp. 3; infra note 5.

5

adequate performance under the Spokesperson Agreement at least $595,791.77, ILM is entitled to a jury determination of its actual damages." ILM's Resp. 4. ILM's sole supporting evidence is an affidavit from Brien Johnson, ILM's Managing Member, stating that "[a] spokesperson that behaves contrary to the Morals Clause and engages in conduct that reflects negatively on ILM and ILM's clients has no value to ILM." ILM's Resp. Attach. 1, at ¶ 4. ILM argues such evidence is sufficient proof of damages to satisfy the summary judgment standard and proceed to trial. ILM's Resp. 4.

In ruling on a motion for summary judgment, the court must view evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Thus, it is necessary in the present case to consider the elements of a breach of contract action to determine whether ILM has met its burden at this juncture. Under Virginia law, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Sunrise Continuing Care, LLC v. Wright, 671 S.E.2d 132, 136 (Va. 2009) (quoting Filak v. George, 594 S.E.2d 610, 614 (Va. 2004)). The plaintiff bears the "burden of proving with reasonable certainty the amount of damages." SunTrust Bank

v. Farrar, 675 S.E.2d 187, 191 (Va. 2009) (quoting Shepherd v. Davis, 574 S.E.2d 514, 524 (Va. 2003)). This burden is not met if the damages alleged are "derived from uncertainties, contingencies, or speculation." SunTrust Bank, 675 S.E.2d at 191. Where the plaintiff fails "to establish damages with reasonable certainty" the breach of contract claim should be dismissed. Isle of Wight County v. Nogiec, 704 S.E.2d 83, 86 (Va. 2011).

Two cases present facts similar to the instant situation and are particularly useful to consider in assessing whether ILM has met its burden of proof with respect to damages. First, in RGI, Inc. v. Unified Industries, Inc., 963 F.2d 658, 660 (4th Cir. 1992), the defendants moved for summary judgment alleging that RGI could not prove any damages from one of the defendant's alleged disclosure of proprietary information. In response to the motion for summary judgment, RGI offered as evidence of damages a single affidavit, signed by its President, stating that the defendant's disclosure of proprietary information put RGI at a "tremendous competitive disadvantage with respect to UII," which "results directly in lost profits for RGI." Id.

The District Court granted summary judgment to the defendants on the ground that RGI "had not sufficiently established that it could prove any damages" resulting from the defendants' conduct. Id. at 659. Noting that the affidavit

contained only "bald allegations of damages but indicate[d] no facts contemplated to be proven," the Fourth Circuit affirmed the District Court's grant of summary judgment. Id. at 661. It held that the President's affidavit was "simply too conclusory to establish a genuine issue of material fact with regard to damages."

Second, in Sunrise Continuing Care, 671 S.E.2d 132,[4] the plaintiffs sought damages equivalent to the total amount they had paid defendants under the contract at issue in the case. To support their claim for damages, the plaintiffs contended "they were entitled to receive as damages the difference in value between the benefits under the contract if they had been 'first class' as contracted for and the value of the 'actual' benefits [they] received." Id. at 135. However, "no evidence was presented on the value of average care or poor care from which the jury could calculate the difference between the value of the

---

[4] ILM correctly notes that in Sunrise Continuing Care, the defendant's motion was heard at the conclusion of the plaintiff's evidence, rather than at the summary judgment stage. ILM's Resp. 4. In responding to either a motion for summary judgment or a motion for a directed verdict, however, the court must determine whether the plaintiff has met his burden of proof with regard to the substantive elements of the cause of action. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (U.S. 1986)("[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case. This is true at both the directed verdict and summary judgment stages."). Thus, Sunrise Continuing Care's holding is applicable to this case.

8

contracted-for services and the services actually received."
Id. Because the plaintiffs did not "present sufficient evidence
upon which the jury could base an award of damages without
resorting to speculation or conjecture," the Virginia Supreme
Court held that they "failed to establish a prima facie claim
for breach of contract" and entered judgment in favor of the
defendants. Id. at 136-137.

This court finds the evidence ILM has presented on the
issue of damages too conclusory to establish a genuine issue of
material fact. ILM has failed "to establish damages with
reasonable certainty," Isle of Wight County v. Nogiec, 704
S.E.2d 83, 86 (Va. 2011). The affidavit of Brien Johnson, ILM's
Managing Member, is akin to that at issue in RGI, in that it
contains only a corporate officer's bald allegation that a
spokesperson who violates the morals clause is of no value to
ILM. The affidavit does not indicate any specific facts
contemplated to be proven that would demonstrate the extent to
which Bernsen's alleged acts damaged ILM. While the court must,
at this stage, view the evidence in the light most favorable to
ILM, it is not bound to accept as true the bald, conclusory
allegation made by ILM's Managing Member that Bernsen's services
were of absolutely no value to ILM. See RGI, 963 F.2d 658.

Even if this court were to accept ILM's affidavit as
evidence that ILM incurred some degree of damages, it would not

be enough to entitle ILM to a jury determination of its actual damages. Like the plaintiffs in Sunrise Continuing Care, ILM has not offered any evidence from which the jury could measure the difference between the value of the services for which it contracted and the value of the services it received.[5] It is certainly possible that a violation of the morals clause would reduce the value of Bernsen's services to ILM. However, given the undisputed fact that "Bernsen performed as required, and several ILM clients used the BIG CASE campaign," R&R 4, it is beyond the pale to suggest that Bernsen's services were utterly devoid of value to ILM because of the alleged violations. As ILM has offered no evidence whatsoever upon which to determine any reduction in value that Bernsen's alleged breach may have caused, a jury would be incapable of assessing the amount of damages ILM incurred without resorting to speculation and conjecture.[6]

Because ILM has failed at this juncture to identify specific evidence sufficient to raise a genuine issue of material fact with respect to damages, an essential element of

---

[5] Moreover, as one of the alleged violations of the morals clause occurred before Bernsen signed the contract, a jury would not even be able to use the date of the alleged violations as a benchmark from which to measure damages. See R&R 4.

[6] Discovery in this case is concluded, and the jury trial is set for November 7, 2012. No further discovery is permitted at this late stage.

its breach of contract claim on which ILM bears the burden of proof at trial, the court finds Bernsen will be entitled to judgment as a matter of law.[7]  Accordingly, Bernsen's Motion for Summary Judgment on ILM's Counterclaim is **HELD IN ABEYANCE** until trial.[8]  The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion to counsel for the parties.


          **IT IS SO ORDERED.**

                                        /s/
                                Rebecca Beach Smith
                                      Chief
                                United States District Judge
                                _____
                                REBECCA BEACH SMITH
                                CHIEF UNITED STATES DISTRICT JUDGE


Norfolk, Virginia
September 6, 2012

---

[7] The case will proceed to trial on Bernsen's claim of breach of contract, ILM's defense, and Bernsen's claim of waiver, after which the case will be presented to the jury.  Depending upon the jury's verdict, the court will then entertain a proffer from ILM as to the specifics of its damage claim for its breach of contract counterclaim.  Lacking any further specifics than that currently before the court, judgment will be entered for Bernsen on the Counterclaim and it will not be submitted to the jury. See supra notes 5 and 6.

[8] See supra note 7.